## EX PARTE NAPOLEONI, PETITIONER AND APPELLANT.

### APPEAL from the District Court of Mayagüez in a Habeas Corpus Proceeding.

No. 1420.—Decided November 13, 1919.

HABEAS CORPUS—PROBABLE CAUSE—APPEAL—INFORMATION.—When a person petitions for a writ of habeas corpus on the ground that there was no probable cause for his imprisonment and later appeals from a decision adverse to him, the fact that after such decision the district attorney filed an information against such person for the same offense does not affect the appeal, for the question involved in the appeal is whether or not there was probable cause for the imprisonment, and the filing of the information does not settle that question, it being one to be decided by the court.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Rafael Napoleoni filed a petition for a writ of habeas corpus in the District Court of Mayagüez, alleging that he had been imprisoned by order of the district attorney for that district without having committed any offense.

The said court, after having heard the evidence examined by the district attorney to justify the imprisonment of the petitioner for the crime of perjury, held that there was probable cause for the imprisonment and denied the petition, from which decision Napoleoni appealed.

Pending the hearing on the appeal the *fiscal* of this court filed a motion for its dismissal on the ground that it would serve no practical purpose because after the entry of the order appealed from the district attorney of Mayagüez had filed an information against Napoleoni for the crime of perjury and he had pleaded not guilty.

The question raised by the petition and the appeal being that there is no probable cause for the imprisonment of Napoleoni, we are of the opinion that the ground of the petition is not destroyed by the fact that the district attorney who committed the petitioner filed later in the court an informa-

tion against him for the crime for which he had been committed, for the filing of an information by the district attorney is no evidence that there is probable cause for the imprisonment of a person, inasmuch as the district attorney may believe · that he has sufficient evidence to support the information and yet such may not be the case in the opinion of a court, whose province it is to decide as to the existence of a probable cause when this question comes before it.

The motion to dismiss must be

*Overruled.*

Chief Justice Hernández and Justice del Toro concurred.

Justices Wolf and Hutchison took no part in the decision of this case.